Filed 8/1/14  P. v. Reed CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060838 |
| v. | (Super.Ct.No. RIF148680) |
| ANTOINE REED, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Affirmed.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On May 26, 2009, an amended information charged defendant and appellant Antoine Reed with unlawful possession of a controlled substance, to wit, cocaine (Health & Saf. Code, § 11350, subd. (a)), with four prior prison terms (Pen. Code,[1] § 667.5, subd. (b)). The amended information also alleged two prior robbery convictions under section 211, which qualified as prior strike offenses under the Three Strikes law (§§ 667, subds. (c), (e)(2); 1170.12, subd. (c)(2)).

Following his conviction, on September 29, 2009, the trial court denied defendant's motion to dismiss one of the prior strikes in the interests of justice. Thereafter, the court sentenced defendant to prison for 25 years to life, plus four years for the prior prison terms, for a total of 29 years to life. The court awarded defendant 345 days of presentence custody credits, including 231 actual and 114 local conduct days.

On January 22, 2013, defendant filed a petition to recall his indeterminate life sentence under the newly amended Three Strikes law. After numerous continuances, on January 24, 2014, the trial court granted defendant's petition and resentenced defendant to the high term of three years, doubled for his one prior strike, plus four years for the prior prison terms, for a total of 10 years. The court awarded custody credits for 1,923 actual days and indicated that the Department of Corrections would be calculating the

---

[1] All statutory references are to the Penal Code unless otherwise specified.

additional conduct credit.  The court also ordered that, upon release, defendant be placed on post-release community supervision.

On March 25, 2014, defendant filed a timely notice of appeal.

**II**

**STATEMENT OF FACTS**

On February 2, 2009, defendant purchased $20 worth of cocaine base from an undercover officer.  On September 29, 2009, under the Three Strikes law in effect at the time, defendant received an indeterminate life sentence.

After Proposition 36 was passed, defendant filed a petition for recall of his sentence as a second strike offender under section 1170.126.  Defendant, now 56 years old, submitted a psychological evaluation and letters of support from family members and other individuals.  Some of these individuals spoke on defendant's behalf at the resentencing hearing.  They pointed out that, with the exception of a minor infraction for manufacturing a cigarette lighter, defendant had remained crime-free since his incarceration.  Defendant also told the court that he had been attending self-help groups and benefiting from therapy during the past four years.

The prosecution opposed defendant's petition.  It claimed that defendant posed an unreasonable risk of danger to society.  Hence, defendant was ineligible for resentencing under section 1170.126, subdivision (f).  In support, the prosecution listed defendant's prior criminal history, which included the following:  (1) juvenile arrests; (2) 1976 and 1980 robberies; (3) parole violations in 1983 and 1984; (4) a 1986 drug sale; (5) a 1986

3

misdemeanor petty theft with a prior; (6) a 1991 possession of a firearm by a felon; (7) loitering in 1993; (8) a 1994 misdemeanor battery; and (9) manufacturing a cigarette lighter in prison in 2012.

The trial court opined that defendant's recent criminal history did not involve violence, but stemmed from defendant's substance abuse problems and that defendant did not pose an unreasonable risk of danger to society. Therefore, the court granted defendant's petition and proceeded to resentence defendant. Defendant requested that the court impose the mid-term, not the high term, because the aggravating circumstances did not substantially outweigh the mitigating circumstances. The prosecution requested the high term.

The trial court selected the high term, not based on the aggravating circumstances of the offense, but based on defendant's criminal history. The court ordered defendant to serve three years, doubled pursuant to the one prior strike, plus four years for the prior prison terms, for a total of 10 years.

**III**

**ANALYSIS**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

4

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.